Keiser et al. vs. Moore.

KEISER ET AL vs. MOORE.

1. A grantor in a deed of trust, under which a party interpleading claims property attached, is not a competent witness for the defendant to shew the consideration of the deed.

## ERROR to St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

On the 30th September, 1848, John W. Keiser, Benj. W. Tompkins and Louis Kasson, defendants in error, commenced a suit in St. Louis court of common pleas, by attachment against Ephraim Moore, for $300 debt, and under the suit summoned Houseman & Lowry as garnishees in said suit on 30th Sept. 1848, and afterwards in due form filed their allegations and interrogatories against said Houseman & Lowry, alleging that they were indebted to the said Moore in the sum of $300, to which the garnishees filed their answer and plaintiffs in said suit their denial thereof, which is still pending.

Afterwards, on the 11th day of October, 1848, John G. Moore and Charles A. Chapman, plaintiffs in error, filed their interpleader claiming the moneys, &c. attached in the hands of said Houseman & Lowry, garnishees, as the property and effects of said Moore & Chapman, at the time of said attachment and garnishment; to which interpleader the said Keiser, Tompkins & Kasson filed a replication denying the allegations therein and averring said property and effects attached, to have been at said time of attachment and garnishment the property and effects of E. Moore; and upon said issue between the interpleaders and the plaintiffs in suit, a trial was had at the February term, 1850, of said court of common pleas before a jury.

The plaintiffs read in evidence to the jury a deed of trust, dated June 3d, 1848, from E. Moore to Charles A. Chapman & John G. Moore, setting forth that in consideration of the endorsement and acceptance by Chapman & Moore of the paper of E. Moore, to the amount of $8000, said Moore conveyed certain real estate and property and also "all the fixtures used about the tobacco factory, now used by said party of the first part (E. Moore) in the town of

Camden, as well as all the tobacco on hand ; and the whole tobacco trade, business and op-eration now carried on by said E. Moore," to be held by parties of second part, Chapman & Moore, in trust to pay the whole amount of their liability for E. Moore on the drafts afore-said, conditioned, that if E. Moore failed to pay said drafts or liabilities, that Chapman & Moore might sell all said property for cash or on credit at public or private sale, and pay off the amount of their liabilities for E. Moore, and the remainder, if any, should be paid to the said E. Moore.

The interpleaders then introduced testimony by Granville L. Feazel, Wm. H. Weir and Wm. Limerick, showing that on the fifth June, 1848, at the town of Camden, the tobacco stemmery and other property of E. Moore was delivered to the trustees aforesaid, under said deed of trust, by the agent of said Moore; and the whole tobacco business of Moore was thereafter carried on by said Moore & Chapman, trustees, and E. Moore had no concern in it, and was not engaged as clerk or otherwise ; that Moore & Chapman directed all ship-ments to be made in the name of Moore & Chapman, and they were so made to the amount of about 77 hhds.; that Moore & Chapman furnished all the money for carrying on said fac-tory after 3d June, 1848 ; that the land and real estate conveyed by E. Moore to Moore & Chapman was of no value, the title being wholly defective , that the value of the tobacco fac-tory and stock on hand the 3d June, 1848, did not exceed $5000 ; that bills of exchange to the amount of $8000 were paid by Moore & Chapman after said 3d June, 1848, on account of E. Moore, to the branch Bank at Lexington, Mo.

The defendants thereupon introduced E. Moore, the grantor of said deed of trust, as a wit-ness on their part, to whom the defendants objected , which objection the court intimated would be sustained, but permitted said witness to testify conditionally, with the stipulation that if on further examination of the point the court still held the testimony inadmissible, an instruction should be given to exclude said testimony from the consideration of the jury. E. Moore thereupon testified that he executed the said deed of trust ; that it was given to se-cure the interpleaders against loss on account of endorsements and acceptances for E. Moore to the amount of $8000 or $8500 ; that on the execution of said deed, the trustess took pos-session of the property ; that he thought the tobacco which came to Houseman & Lowry, and the proceeds of which were attached in said suit, was shipped after the date of said deed of trust ; that the said acceptances and endorsements were made in good faith and for his accommodation by the interpleaders, and that he presumed they had been paid. The whole property conveyed was worth about $5000 or $6000. Moore & Chapman were in-terested jointly, as witnesses' acceptors and endorsers ; that witness reached St. Louis be-fore the tobacco (the same of which proceeds are attached) was received by Houseman & Lowry, a d notified them that he had assigned the same to interpleaders and directed them to pay the proceeds to the interpleaders ; that witness did not think the interpleaders realized more than $5000 out of the property assigned ; that the title to the real estate failed, and the interpleader realized nothing out of it ; that he told Houseman & Lowry that he had made an assignment of all his property to the interpleaders, and directed them to pay over the proceeds to them.

The plaintiffs introduced testimony to show that their agent called on E. Moore for pay-ment of the debt on which the attachment was sued out, that he did not pay, but stated that he had made an assignment of all his property and effects to prevent his creditors from attach-ing it ; that Moore owed the debt to plaintiffs; that on the day of the assignment of the tobacco the proceeds of the sale of which were attached, was in the city of St. Louis ; that the attach-ment issued before Houseman & Lowry had any notice to whom to pay the proceeds thereof; that the tobacco had been sold by Houseman & Lowry before E. Moore arrived in St. Louis; that the tobacco was sold and placed to the credit of E. Moore, before his arrival in St. Louis and that Houseman and Lowry were garnisheed before they had notice to pay the proceeds to any one.

To the introduction of evidence of the conversations of E. Moore with witness Tomp-kins, the interpleaders objected, for the reason that no foundation had been laid therefor by

Keiser et al. vs. Moore.

examining Moore on same matter. Court allowed such conversations to be proved by Tompkins, witness for deponent, to which the interpleader excepted.

The court gave the following instructions :

1. The jury are instructed to disregard the testimony of E. Moore.

2. The tobacco in the hands of Houseman & Lowry and the proceeds thereof were liable to attachment until the interpleaders or E. Moore demanded the delivery thereof, or the same was delivered to said interpleaders. To the giving of which the interpleaders objected and excepted.

The interpleaders asked two instructions, which were given[2] as follows :

Fraud must be proved, and ought not to be presumed by the jury until established.

The conveyance of the property by E. Moore to Moore & Chapman to secure them against *bona fide* endorsements or drafts made for his accommodation and paid by them through the effect of such conveyance, was to put all the tobacco and property out of the hands of E. Moore, is no evidence of fraud as against creditors, if there was a good consideration for such conveyance.

The interpleaders asked the following instructions, which were refused, to which refusal they excepted:

1. The deed of mortgage of the 3d June, 1848, passed to the interpleaders the title to the tobacco, and the proceeds thereof in the hands of Houseman & Lowry, if the jury believe from the evidence that said deed of mortgage was made in good faith and for a valuable consideration.

2. A debtor in failing circumstances has a right to prefer one creditor or a part of his creditors to the exclusion of others, and if the jury believe from the evidence that the said deed of mortgage was made in good faith to secure the interpleaders for endorsements on drafts made by them for the accommodation of E. Moore, and that the proceeds of the tobacco or the tobacco in the hands of Houseman & Lowry, were conveyed or transferred by Moore to the interpleaders before the　　day of　　, 1848, in good faith, then the jury will find for the interpleaders.

3. The declarations and conversations of Moore, after the mortgage was executed and delivered to the interpleaders, cannot and do not in any wise affect the legal title of the interpleaders to the property conveyed to them by Moore under the mortgage.

4. If Moore made said mortgage to the interpleaders for a valuable consideration, as stated in the deed, then in order to avoid it on the ground of fraud, it must be shown that the mortgagees, the interpleaders, were parties to such fraud, and if the jury believe from the evidence that the interpleaders took said mortgage in good faith, then they will find for the interpleaders.

On the giving and refusing respectively of the above instructions, the interpleaders took a non-suit, with leave to move to set the same aside. Within four days after, the interpleaders moved to set aside non-suit, and grant a new trial, for the following reasons :

1. The court erred in admitting testimony offered by plaintiffs, that was incompetent and irrelevant.

2. The court erred in excluding testimony offered by interpleaders.

3. The court erred in refusing instructions offered by interpleaders.

The court erred in giving the instructions given by the court to the jury.

The court refused to grant the motion, to which interpleaders excepted, and filed their bill of exceptions, and took their writ of error to the supreme court.

## HILL, for plaintiffs in error.

1. The court below erred in excluding the testimony of E. Moore, witness for plaintiffs in error. He was the grantor in a tract of land made to secure the interpleaders (plaintiffs in error) in the payment of drafts for $8500, which they had paid before the trial, and were liable to pay at execution of deed; the whole amount of property conveyed in trust was worth

only $5000, so that although the surplus under the trust, after paying the drafts, was to go to E. Moore yet as there was no surplus, but a large deficit, he had no interest in favor of interpleaders, or to sustain the trust deed as against the attachment; his interest was directly in favor of the defendants in error.

2. The whole property conveyed in trust was not sufficient to satisfy the drafts paid by plaintiffs in error including the $364 in the hands of Houseman & Lowry, garnishees, in the suit of Keiser, Tompkins & Kasson vs. E. Moore ; so that the interest of E. Moore was equally balanced, like an execution debtor who is a vendor.

The testimony of E. Moore should not have been excluded. The true rule as to the interests of a witness is "will the verdict be evidence for or against him?" The verdict in this case could not affect Moore, or be any evidence for or against him, unless by proving a surplus, he paid his debt to Keiser, Tompkins & Kasson. 5 John. 256; 3 S. R. 130; 1 Greenl'f Ev. 390; 10 John. 21; 16 ib. 89; 1 Caines 276; 5 Wend. 55; 1 Carr. & P. 156; 1 Mo. & Payne 653.

4. The executioner who has sold his property, which is subsequently seized on execution, is a competent witness for his vendee ; his interest being balanced, and E. Moore is an attachment debtor, in precisely the same situation, except that it was his interest to have proved a surplus. 2 Cow. & Hill 120; 7 Hann& John. 458; 1 Litt. 105; 3 Mon. 109; 1 Fairf. 71; Cow. & Hill 3d 152-4; Horeptu 449; 3 Fairf. 371; 2 Shep. 370; 2 Q. 217.

5. A grantor is always competent to support the deed, as against his execution or attaching creditor. Hill vs. Payson, 3 Mass. 559; 11 Mass. 368; Patterson vs. Willing, 3 Dall. 506; Langle vs. Felton, 1 Rawl. 141; Barring vs Shippen, 2 Binn. 154; McFerran vs. Powers, 1 S. & R. 102; Browning vs. Doring, 4 S. & R. 494, and cases above cited; Webb vs. Danforth, 1 Day 301.

6. A grantor in trust, to receive advances, where the advances exceed the value of the property conveyed, is in precisely the same situation as a vendor, and the result of his conveyance is precisely the same; and if the property conveyed is inadequate to pay the advances, he has no claim to a surplus. Cases above cited, and 1 Bail, 568; 3 Cow. & Hill, 1517-20; 1 Sten. 198; Mitter vs. Dillon, 2 Mon. 73.

7. A mortgager and grantor in a trust deed have been always held competent to affirm their conveyances by mortgage in trust, as witnesses for the grantee, upon the principle that they can have no interest in favor of their grantee. 3 Dall. 506; 1 Rawl. 141; 2 Binn. 154; 1 Serg. & R. 102; 3 ib. 494; Cow. & A. 74; 3 Mass. 559; 12 Mass. 368.

8. A witness is not incompetent under our statute for the reason that the verdict would be evidence for or against him. Rev. C. '45, p. 833 § 26.

9. The court erred in two instructions, in declaring the law to be "that the tobacco and proceeds thereof in the hands of H. & L. were liable to attachment, until the interpleaders, or 'E. Moore demanded the delivery thereof, or the same was delivered to said interpleaders.' "

The deed of trust made and acknowledged, as it was, in the proper county, and duly recorded, and being for a good and valuable consideration, passed the title in the property from E. Moore to the interpleaders immediately, without any delivery; and a demand of H. & L. was not necessary, before the plaintiff's attachment was levied. Rev. C. '45, Ch. 67 § 8.

10. A demand of H. & L. by E. Moore, unless as agent of interpleaders could not affect the case in any way, and yet the court below most absurdly declares that it did.

11. The first instruction asked by the interpleaders ought to have been given, as containing the true rule in the case, under the law.

12. The third instruction for interpleaders ought to have been given, because the conversations of E. Moore, after the execution of the deed of trust, could not affect the title of the interpleaders under the deed; and such conversations could not be offered to impeach E. Moore's testimony, for he was not enquired of, in relation to the same point; and the rule is absolute that a witness' conversation cannot be offered in evidence to impeach him, unless he has been asked in regard thereto, and has had an opportunity to explain it.

Keiser et al. vs. Moore.

13. The fourth instruction for interpleaders ought to have been given, as stating the true rule in the case; for the fraud of E. Moore, if guilty of any, could not affect the interpleaders unless they were parties to such fraud.

14. All the points are preserved in the bill of exceptions, and it is urged that each and every ruling and order of the court below during the whole trial, is erroneous.

### Hudson, for defendants in error.

1. E Moore, the defendant in the original suit, who was offered as a witness by the interpleaders, was not competent, being directly interested in the event of the issue. That he was called to prove his interest is manifest from the deed of assignment set out in the bill of exceptions. It is also apparent that he was interested to the extent of the costs of the suit. Had the plaintiffs in error sustained their claim in the court below, it would in effect have defeated the original suit; as there was no service on E. Moore, there could have been no judgment againt him that could have been more available, consequently it is evident that the case depended entirely upon his evidence.

2. The deed of assignment offered in the court below provides that the surplus, after paying certain sums therein mentioned, shall be paid over to E. Moore, therefore he is interested in increasing the surplus, and sustaining the interpleader's claim would have that effect.

The counsel for defendants in error refers the court to the following authorities to sustain the objection to Moore's evidence: 7 Mo. R. 138; 12 Mo. R. 321; 6 Humph. R. 405; 5 Howard S. C. R. 91; 12 Peters' S. C. R. 145.

### Hill's answer to point I of defendant's brief.

1. The fact that there had been no service on E. Moore had no effect one way or another. The question in the case of interpleader is the same as if it had arisen in an action of trespass by interpleaders against the defendant in error. As to E. Moore, his interest is in favor of K. T. & C., and against M. & Chapman, who are claiming the proceeds of the property which he had conveyed by his trust deed of June 3d, 1848. If there was a surplus then it would go to pay the attachment of Keiser, T. & C., and it was for the interest of the said K., T. & C. to prove a surplus; for unless there was a surplus, K., T. & C. had no claim on the proceeds, and if there was a surplus after paying Moore & Chapman, that surplus would go to pay the debt that Moore owed to K., T. & C., so that the interest of the witness, E. Moore, K., T. & C., are identical; it being for the interest of both to prove a surplus, against the interest of Moore & Chapman, to prove a surplus, for it defeated this claim.

The interest then of E. Moore was directly against Moore & Chapman; and they clearly had the right to call the witness to testify; his interest being against the interest of the plaintiffs in error.

### Ryland, J., delivered the opinion of the court.

The main point for our adjudication is in relation to the admissibility of the testimony of Ephraim Moore. Said Ephraim Moore was the grantor in the deed of trust, under which the interpleaders claimed the property attached. The deed of trust contained a clause requiring the overplus or balance of the proceeds of the trust fund, after said E. Moore's bond debt should be paid, and for which the interpleaders were liable as endorsers or acceptors, to be paid over to said E. Moore. He

was called then to support his own interest. The witness, Moore, was in the situation of a grantor, having a resulting trust to the excess, which shall remain after the application of the property conveyed, to the discharge of the liability, secured by the deed of trust. He is therefore in effect called to support his own title.

His testimony was properly excluded. See 7 Mo. R. 138; Daweson vs. Williams, 3 Ala. R. 629; 4 Porter's R. 252; 5 Con. 258.

We find nothing requiring any interference on the part of this court with the judgment below. Its judgment is affirmed.